UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SHEAN SATGUNAM,<br> Plaintiff, | )<br>)<br>) |
| -v- | )<br>) |
| MARC BASSON,<br>RICHARD WARD,<br>MARSHA D. RAPPLEY,<br>WILLIAM D. STRAMPEL,<br>MARY H. MUNDT,<br>GLENDA MOORER,<br>KIM WILCOX, and<br>JOHN DOE,<br> Defendants, | )<br>) No. 1:12-cv-220<br>)<br>) HONORABLE PAUL L. MALONEY<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **ORDER DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND ORDERING PLAINTIFF TO SHOW CAUSE**

On October 9, 2012, Defendants filed a motion asking this court to dismiss Plaintiff's complaint based on his failure to prosecute this action and the doctrine of qualified immunity.[1] (ECF No. 25.) The time for Plaintiff to respond to the motion has passed, and no response has been filed.

Dismissal of an action under Rule 41 "is a harsh sanction which the court should order only in extreme situations where there is a showing of a clear record of delay or contumacious conduct by the plaintiff." *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993). The court should balance the need to manage its docket, the public interest in resolving cases expeditiously, and the risk of prejudice to the defendant against the policy in favor of resolving cases on the merits. *Id.* As this

---

[1] Defendants also brought arguments against Plaintiff's state-law claims, which this court has severed and stayed pending resolution of Plaintiff's due-process claim. (*See* ECF No. 48.)

court has discussed in prior orders, Plaintiff's counsel has shown good cause for his past failure to prosecute this case. The court has extended discovery to allow the case to get back on track, and it now appears that counsel is discharging his duties properly and promptly. Further, it does not appear that Defendants were substantially prejudiced by this delay. Therefore, the court declines to dismiss Plaintiff's complaint for failure to prosecute.

For the same reasons, the court will excuse Plaintiff's failure to respond to Defendants' qualified-immunity claim. The court may not resolve this issue without full briefing, however, because "[w]hen . . . a defendant raises qualified immunity as a defense, the plaintiff bears the burden of demonstrating that the defendant is not entitled to qualified immunity." *Everson v. Leis*, 556 F.3d 484, 494 (6th Cir. 2009).

For these reasons, Defendants' motion to dismiss is hereby **DISMISSED IN PART** with regard to their failure-to-prosecute argument, and Plaintiff is hereby **ORDERED TO SHOW CAUSE** why qualified immunity should not be granted to Defendants. Plaintiff shall file a response brief on this issue within fourteen (14) days of the date of this order.

**IT IS SO ORDERED.**

Date:   February 6, 2013                    /s/ Paul L. Maloney
                                            Paul L. Maloney
                                            Chief United States District Judge