UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHEAN SATGUNAM, )
      Plaintiff, )
    ) No. 1:12-cv-220
-v- )
    ) HONORABLE PAUL L. MALONEY
MARC BASSON, ET AL., )
      Defendants. )
_____)

## JUDGMENT

The Court held that the defendants violated Plaintiff's constitutional rights by suspending his clinical privileges at a state university without due process. (ECF Nos. 108, 131, 187, 204.) The Court found the "hearing was clearly deficient" as a matter of law, as Plaintiff was, for example, not even allowed "to hear the evidence presented against him," and "no reasonable official" would have believed a doctor's clinical privileges could be removed without "minimal due-process protections." (ECF No. 131 at PageID.1196–97.)

Later, the Court held that although nominal damages were required, compensatory damages were unavailable for several reasons; first, Plaintiff did not dispute that the suspension of his privileges was justified when the same decision was made after the Court ordered a second, procedurally-sufficient hearing that afforded Plaintiff due process; second, Plaintiff provided no evidence at summary judgment to support any actual injuries suffered from the denial of due process itself; and third, Plaintiff submitted no additional evidence of damages. (ECF No. 204 at PageID.1773.) Nonetheless, at the time, Defendants waived any argument that Plaintiff was not entitled to punitive damages, and remaining factual disputes with respect to Defendants' states of mind were resolved yesterday, at jury trial.

"Because the right to procedural due process is 'absolute' in the sense that it does not depend upon the merits of a claimant's substantive assertions, and because of the importance to organized society that procedural due process be observed . . . the denial of procedural due process [is] actionable for nominal damages without proof of actual injury." *Carey v. Piphus*, 435 U.S. 247, 266 (1978). **Accordingly, the Court must award Plaintiff Shean Satgunam nominal damages in the amount of one dollar to be paid by Defendants.**

The jury found that the conduct of all three remaining defendants to deprive Plaintiff with minimal due-process protections reflected, at a minimum, reckless or callous disregard of Plaintiff's constitutional rights. (ECF No. 301.) **Accordingly, the jury awarded Plaintiff punitive damages in the amount of $25,000.00 against Defendant Marc Basson, $25,000.00 against Defendant Richard Ward, and $50,000.000 against Defendant Kim Wilcox.**

\* \* \*

In accordance with the jury verdict returned and entered (ECF No. 115), and pursuant to Fed. R. Civ. P. 58, **JUDGMENT** hereby enters in favor of Plaintiff Shean Satgunam and against Defendants Marc Basson, Richard Ward, and Kim Wilcox.

Plaintiff Shean Satgunam is awarded $1.00 in nominal damages, for which all three defendants are jointly and severally liable; in addition, Plaintiff Shean Satgunam is awarded punitive damages of $100,000.00, of which Defendant Marc Basson is responsible for an amount of $25,000.00, Defendant Richard Ward is responsible for an amount of $25,000.00, and Defendant Kim Wilcox is responsible for an amount of $50,000.00.

**IT IS SO ORDERED.**

Date: November 16, 2016           /s/ Paul L. Maloney
                                  Paul L. Maloney
                                  United States District Judge